MATHILDA MOORE

*v.*

STATE OF ILLINOIS.

*Opinion filed September 11, 1922.*

SOCIAL JUSTICE AND EQUITY—*claim may be allowed on ground of social justice and equity.* Claimant while in the performance of her duty as an employee in the Illinois Eye & Ear Infirmary at Chicago, was injured while operating an elevator in the institution. *Held,* that while there exists no legal liability against the State by reason of the injury received, as an act of social justice and equity, claimant is entitled to an award.

Edward J. Brundage, Attorney General, for State.

The claimant, Mathilda Moore, files claim herein for damages resulting from a sprained, bruised and lascerated ankle and leg, incurred while she was in the employ of the State in The Illinois Eye & Ear Infirmary in Chicago.

She alleges that while in line of duty, and without fault on her part, she tripped and fell, injuring her ankle, which gave her pain for two weeks; that later sometime in September, 1919, while endeavoring to operate an elevator, her foot was caught in the door, and she suffered sprained ankles and legs, besides lacerations and bruises on the legs which partially incapacitated her for a period of three months.

In all this, her deductions are sustained by other evidence and not contradicted by the State.

She was a widow, 51 years old, and was getting $27.00 per month. Instead of applying to the State Authorities for medical assistance, which would have been furnished gratis, she chose to have her family physician treat her, and to buy her own drugs, all of which amounted to about $85.00. Her monthly salary was paid regularly without any deductions. She was disabled from the performance of her duties only three weeks, and went back to work, but suffered pain and inconvenience for three months after the accident.

It is very clear that the injuries were not very serious, and that they resulted in no permanent disability to claimant. She was back at her work in three weeks, and entirely well in three months.

While this Court has repeatedly held in this class of cases that the State is not liable, yet in view of the advanced age and poverty of claimant, and in the interest of social welfare and equity, we have decided to make a small allowance for claimant, and we recommend the payment of two hundred dollars.